N. J. COBB, Plaintiff in Error, v. MRS. VIRGIE WAD-
DELL, Defendant in Error.—369 S.W. (2d) 743.

Western Section, Jackson.  April 17, 1963.

Certiorari Denied by Supreme Court July 15, 1963.

Owens & McLain, Memphis, for plaintiff in error.

Wayne H. Lindsey, Memphis, for defendant in error.

BEJACH, J. This cause involves an appeal in error by N. J. Cobb, who was defendant in the lower court, from a verdict in the sum of $3,850 and judgment thereon in that amount rendered in the Circuit Court of Shelby County, in favor of the plaintiff, Mrs. Virgie Waddell. For convenience the parties will be referred to as in the lower court, as plaintiff and defendant, or called by their respective names.

The accident which resulted in the judgment in favor of plaintiff occurred in Shelby County, Tennessee March 26, 1961 on the Raleigh-LaGrange Road near Cordova. According to the testimony of plaintiff she was proceeding in a westerly direction on Raleigh-LaGrange Road, which road, in that area, has a number of curves and hills. According to her testimony, while she was in a curve, she glimpsed an oncoming vehicle driven by defendant, approaching from the opposite direction. Said

vehicle was, she said, on the left hand side of the road. Whereupon, she put on her brakes and pulled to the right, trying to avoid a head on collision, but the left front of defendant's truck struck the left rear of plaintiff's car. Plaintiff was thrown from her car to the road. She sustained a cerebral concussion, a fracture of the right zygomatic arch, lacerations of the face, cervical strain, low back strain, with multiple contusions and abrasions. As stated, the verdict of the jury was in favor of plaintiff in the sum of $3,850. After the defendant's motion for new trial was overruled, he appealed in error to this court where he has filed four assignments of error.

By assignment of error 1, defendant complains of the refusal of the trial court to permit counsel for defendant to question the witness, J. T. Jones, on redirect examination, regarding his efforts to contact the plaintiff after March 27, 1961.

By assignment number 2, defendant complains of the refusal of the trial judge to grant his motion to direct a verdict in his favor with respect to the aggravation of a preexisting pelvic disorder on the part of the plaintiff, made at the conclusion of all the proof.

By assignment of error number 3, defendant complains of the refusal of the trial judge to grant his request for special instruction number 1, which was as follows:

"The court further instructs the jury that there can be no recovery in this case by the plaintiff for an aggravation of a preexisting pelvic disorder because the plaintiff has admitted and conceded that she personally does not know whether her pelvic

disorder was aggravated or activated as a result of the motor vehicle accident on March 26, 1961, and there is no competent medical proof in the record that the plaintiff's pelvic disorder was activated or aggravated by said accident; and the court further instructs the jury that there can be no recovery in this case by the plaintiff for a permanent loss of sight in one of the plaintiff's eyes because she has admitted and conceded that any fuzziness or other difficulty with her vision as a result of said motor vehicle accident on March 26, 1961, has heretofore cleared up; and the court further instructs the jury that there can be no recovery in this case by the plaintiff for any permanent disability as a result of the injuries received by the plaintiff in said motor vehicle accident on March 26, 1961, because there is no competent medical or other proof in this record that the plaintiff sustained any such permanent disability as a result of said accident.''

By assignment of error number 4, defendant complains of the refusal of the trial judge to grant defendant's request for a special request number 2, which was as follows:

"The court further instructs the jury that it is the further theory and contention of the defendant that plaintiff was driving and operating her vehicle in a negligent, careless, reckless, dangerous and unlawful manner and so as to lose control of said vehicle and to skid to the wrong side of the Raleigh-LaGrange Road and to collide with the left front of defendant's truck, which was on its proper side of said road, too suddenly and abruptly for the defendant to stop, swerve, or otherwise avoid the collision

although he applied his brakes and pulled to the right side of the road to such an extent the right front wheel of his truck was nearly off the pavement when his truck was struck by the plaintiff's vehicle and he did everything within his power to avoid the accident.''

■ We will dispose of these assignments of error in the order named. It is the theory and contention of counsel for defendant that the refusal of the trial judge to permit him, on redirect examination, to interrogate Sergeant J. T. Jones regarding his efforts to contact plaintiff after March 27, 1961, constitutes reversible error. This contention is to the effect that such interrogation would have disclosed that Sergeant Jones was undertaking to get in contact with plaintiff, while she was in the hospital, for the purpose of delivering to her a citation to appear in the General Sessions Court, charged with reckless driving, which fact might have induced the jury to decide in favor of the defendant. On direct examination, Sergeant Jones was asked about a supplemental statement attached to the accident report, which supplemental statement was dated ''5-23-61,'' about two months after the accident. When Sergeant Jones stated that the attached notation had nothing to do with the accident, the matter was not pursued further. On redirect examination, however, defendant's counsel undertook to develop that Sergeant Jones was trying to contact plaintiff in connection with the citation to appear in General Sessions Court. Objection to this line of interrogation was sustained by the trial judge. We think the matter was one which addressed itself to the sound discretion of the judge; and, even if he might properly have admitted his line of interrogation, he should not

be put in error for his refusal so to do. In any event, we think the ruling, even if it be considered erroneous, would not justify a reversal in view of our harmless error statute, Section 27-117, T.C.A.

Assignment of error number 2, that the court erred in overruling the defendant's motion made at the close of all the proof to direct a verdict in his favor with respect to the aggravation of a preexisting pelvic disorder on the part of the plaintiff, is based on the contention that there was no competent medical testimony in the record that the preexisting pelvic disorder of the plaintiff was in fact activated or aggravated by the accident, and that plaintiff, herself, admitted that she did not know whether or not a recurrence was caused by the accident.

The proof shows that in February, 1961, plaintiff underwent surgery for a pelvic disorder involving excessive menstrual bleeding, and that this condition was corrected and the excessive bleeding eliminated. It also shows that about one week to ten days prior to the accident, on March 26, 1961, plaintiff was examined by Dr. Lewis, at which time the pelvic condition had been eliminated, and that plaintiff had also been examined by Dr. Weems, the company doctor of Kimberly-Clark Company for whom plaintiff worked, and that she had been cleared to return to work on the 27th of March, 1961. Shortly after the accident, while plaintiff was in the hospital, the pelvic disorder, with vaginal bleeding, recurred. Plaintiff, herself, on cross examination, testified on this subject, as follows:

"Q Now, you have testified here about some pelvic condition. As a matter of fact, you don't know

whether that was caused by this accident or not, do you, Mrs. Waddell?

"A The only thing I know is that the excessive bleeding and hemorrhaging did occur while I was in the hospital.

"Q My question is, whether that was caused by this accident or not, and you don't know?

"A Personally, I don't know."

■ Under these circumstances, we think the question of whether or not the recurrence of plaintiff's pelvic trouble was caused by the accident was a proper matter to be considered by the jury. Finks v. Gillum, 38 Tenn. App. 304, 273 S.W.(2d) 722; Meeks v. Yancey, 43 Tenn. App. 667, 311 S.W.(2d) 329.

In the case of Finks v. Gillum, the question involved was whether or not plaintiff's miscarriage had been caused by an accident. From the opinion of the Court of Appeals, Middle Section, written by Hickerson, J., in that case, we quote as follows:

"Taking all the facts and circumstances which tend to support the verdict of the jury and discarding all countervailing evidence, there is abundant evidence in the record to support a finding by the jury of the following conclusions of fact:

"(a) Mrs. Gillum was pregnant before the accident.

"(b) Mrs. Gillum had a miscarriage.

"(c) The negligence of defendant, alleged in her declaration, was the direct and proximate cause of

her injuries and miscarriage.'' Finks v. Gillum, 38 Tenn.App. 314, 273 S.W.(2d) 727.

■ The refusal of the trial judge to give defendant special instruction, complained of by assignment of error number 3, cannot be considered erroneous. This is covered, in part, by what we have said above with reference to assignment of error number 2. In addition, the special instruction requested is not completely and technically accurate, because it includes an instruction to the effect that there could be no recovery in this case by the plaintiff for permanent loss of sight in one of plaintiff's eyes, because she had admitted and conceded that any fuzziness or other difficulty with her vision as a result of said motor vehicle accident on March 26, 1961 had heretofore cleared up. No mention of this item of damages is made in the trial judge's general charge, and since the plaintiff admitted that the trouble with her eyesight had cleared up, there is no reason to assume the jury included in its verdict any amount for that item of damages alleged in the declaration, but not established by the proof. In any event, we cannot say, under the provisions of Section 27-117, T.C.A., that the refusal to grant this special instruction affected or changed the result of this case.

■ The refusal of the trial judge to grant defendant's special request number 2, cannot be held to be erroneous because the subject contained in that request had been adequately covered by the trial judge in his charge. From that charge we quote as follows:

.·''Now, that states to you the substance of Mr. Cobb's pleadings. The defendant says that he is not guilty of anything with which he is charged, but the

accident was solely brought about by the negligence of Mrs. Waddell in the particulars which I have just enumerated to you and with which he charges her.''

Also, after the trial judge had completed his general charge, he stated to the jury as follows:

''Gentlemen of the jury, it has been called to my attention by counsel for the defendant that I may not have mentioned that in the theory and contention of the defendant here that it is also the theory and contention of the defendant that the plaintiff had lost control of her automobile. I did not recall whether I had stated that to you or not, but if I didn't, for safety's sake I shall state it to you, but in stating it to you, I don't state anything to you for any emphasis at all, other than to make sure that it is integrated in the charge.''

The refusal of the trial judge to give this special instruction would also be covered by the harmless error statute, Section 27-117, T.C.A.

It results that all of defendant's assignments of error must be overruled and the judgment of the lower court affirmed. Judgment will be entered in this court in favor of the plaintiff, Mrs. Virgie Waddell, and against the defendant, N. J. Cobb, for the sum of $3,850, together with interest thereon from April 26, 1962, the date of overruling of the motion for new trial.

The costs of the cause, including those of the lower court as well as those of the appeal, will be adjudged against the defendant, N. J. Cobb and the surety on his appeal bond.

Avery, (P. J. W. S.), and Carney, J., concur.